UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT FORD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., et al.,<br><br>    Defendants. | No. 1:21-cv-10090-WGY |

**PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request preliminary approval of a Class Action Settlement. Defendants do not oppose this motion.

On January 19, 2021, Plaintiffs brought this action alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by causing the Takeda Pharmaceuticals U.S.A., Inc. Savings and Retirement Plan ("Plan") to maintain underperforming investment options and selecting and retaining as Plan investment options higher-cost share classes of mutual funds and collective investment trusts. Doc. 1. Defendants disputes these allegations and deny liability for any alleged fiduciary breach.

After over a year and a half of litigation, and over two mediations held almost a year apart, on November 14, 2022, the parties entered into a Settlement Agreement. *See* **Exhibit A** (Settlement Agreement attached hereto).

Under the terms of the Settlement Agreement, the Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a

1

      Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

The Class Period is from January 19, 2015, through September 30, 2022.

    The settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case, and preliminary approval of the settlement is in the best interests of the class members. In return for a release of the class representatives' and class members' claims, Defendants have agreed to pay a sum of $22,000,000 into a Gross Settlement Fund. Defendants have further agreed to certain non-monetary terms under Article 10, which adds further value to the settlement on behalf of class members.

    At the preliminary approval stage, the Court is only required to make a "preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Hochstadt v. Boston Sci. Corp.,* 708 F. Supp. 2d 95, 107 1 (D. Mass. 2010) (internal quotations omitted). The settlement reached between the parties here more than satisfies this standard given the complex nature of the case and the results obtained for the Settlement Class. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting dissenting viewpoints to the Court.

    In support of preliminary approval, Plaintiffs submit a memorandum in support of this Motion and the Declaration of Plaintiffs' counsel, Jerome J. Schlichter.

    Plaintiffs respectfully request:

- That the Court enter an Order granting its preliminary approval of the Settlement Agreement;
- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary

Approval Order and Class Notice, and permit the Settling Parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. However, given the processing and mailing of Settlement Notices, the objection deadline to the Settlement, the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Fairness Hearing not be scheduled before 120 days after entry of an order of preliminary approval; and

- That following the Fairness Hearing, the Court enters an Order granting final approval of the Settlement and dismissing the Second Amended Complaint (Doc. 53) with prejudice.

| | |
|---|---|
| November 14, 2022 | /s/ Jerome J. Schlichter<br>SCHLICHTER BOGARD & DENTON LLP<br>Jerome J. Schlichter (admitted *pro hac vice*)<br>Troy A. Doles (admitted *pro hac vice*)<br>Heather Lea (admitted *pro hac vice*)<br>100 South Fourth Street, Suite 1200<br>St. Louis, MO, 63102<br>(314) 621-6115<br>(314) 621-5934 (fax)<br>jschlichter@uselaws.com<br>tdoles@uselaws.com<br>hlea@uselaws.com<br>*Lead Counsel for Plaintiffs*<br><br>Robert T. Naumes, BBO # 367660<br>Christopher Naumes, BBO # 671701<br>NAUMES LAW GROUP<br>2 Granite Ave, #425<br>Milton, Massachusetts 02186<br>617-227-8444<br>617-696-2437 (fax)<br>robert@naumeslaw.com<br>christopher@naumeslaw.com<br><br>*Local Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2022.

/s/ Jerome J. Schlichter

## LOCAL RULE 7.1 CERTIFICATION

Plaintiffs' counsel conferred with Defendants' counsel related to the issues raised in this motion. Defendants stated that they do not oppose Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

/s/ Jerome J. Schlichter