IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT FORD, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., et al.,<br><br>    *Defendants.* | No. 1:21-cv-10090-WGY |

**ORDER**

  Schlichter Bogard & Denton LLP ("Class Counsel") seeks an award of attorneys' fees, reimbursement of reasonable litigation expenses, and awards for Class representatives from a common fund created from the class action settlement (Doc. 95-1). The Court has reviewed Class Counsel's motion and memorandum in support, Docs. 105, 112, and supporting evidence, as well as attorney fee and class representative awards from similar cases. The Court hereby **GRANTS** the motion.

**I. ANALYSIS**

  **1. Attorneys' Fees in Class Action Settlements**

  District courts in the First Circuit analyze seven factors to determine the reasonableness of a fee award in a common fund case:

  1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections relative to the size of the settlement class; (3) the skill and efficiency of Class Counsel; (4) the complexity and duration of the litigation; (5) the financial risks of nonpayment taken on by Class Counsel; (6) the amount of time devoted to the case by Class Counsel; and (7) the awards in similar cases.

*See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79–81 (D. Mass. 2005) (Young, J.).

Applying these factors, the Court finds that the requested attorney fee award is fair and reasonable.

### A. Size of the Fund Created and Number of Persons Benefitted (Factor 1)

The monetary recovery obtained in the settlement is $22 million, and 38,199 people will receive payments. The Settlement provides for current participants to receive tax-deferred distributions in the form of direct deposits to their existing accounts and gives former participants the right to direct their distribution from the common fund into a tax-deferred vehicle, such as an IRA. In addition to the monetary award for the class, the Settlement provides affirmative relief relating to the overall operation, administration, and management of the Plan. The Court finds that this factor supports Class Counsel's request.

### B. Absence of Substantial Objection (Factor 2)

Here, notices were sent to 48,889 people. Each was given the opportunity to object to any aspect of the settlement. Not a single Class Member has objected to any aspect of the Settlement, including Class Counsel's request for attorney fees. This factor supports approval of Class Counsel's motion.

### C. The Skill and Efficiency of Class Counsel (Factor 3)

The Court finds that Schlichter Bogard & Denton's work on this case was exemplary and benefitted the Class by securing both monetary and affirmative relief. Class Counsel is a recognized leader in ERISA excessive fee litigation, having pioneered the field. This factor also supports approval of Class Counsel's motion.

### D. The Complexity and Duration of the Litigation (Factor 4)

As this Court has previously noted, ERISA claims are complicated. *See Gordan v. Mass. Mut. Life Ins. Co.*, No. 13-30184, 2016 U.S. Dist. LEXIS 195935, at *7–8 (D. Mass. Nov. 3,

2016); *Brotherston v. Putnam Invs., LLC.*, Nos. 15-13825, 15-14128, 2016 U.S. Dist. LEXIS 50849, at *3–4 (D. Mass. Apr. 6, 2016) (Young, J.). The subject matter is highly technical, entailing facts about prudent investment practices, industry best practices, fiduciary practices, recordkeeping practices, and complex financial matters, requiring the use of multiple experts for both plaintiffs and defendants. The difficulty of ERISA litigation justifies the requested award.

### E.  The Financial Risk of Nonpayment Taken on by Class Counsel (Factor 5)

This Court considers the risk of nonpayment in determining the reasonableness of a fee award. *See, e.g., In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) (Young, J.) (citing this risk). Class Counsel's assumption of the risk of nonpayment supports the reasonableness of the requested fee.

### F.  The Amount of Time Devoted to the Case by Class Counsel (Factor 6)

Prosecuting and settling the claim in this action demanded considerable time and labor, making this fee request reasonable.

The time devoted to the case by Class Counsel, together with Class Counsel's rates, may be used to determine a lodestar. In the First Circuit, a lodestar calculation is not required. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 296, 307 (1st Cir. 1995). Nonetheless, one may be performed as a cross-check to ensure that the percentage award is fair and reasonable. *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 163 (D. Mass. 2015) (Young, J.). Here, such a check confirms that the requested fee is appropriate.

Class Counsel has had its hourly rates approved in similar ERISA class action litigation in recent years. *See, e.g., Cates v. Trs. of Columbia Univ.*, No. 16-6524, 2021 U.S. Dist. LEXIS 200890, at *9–10 (Oct. 18, 2021); *Pledger v. Reliance Tr. Co.*, No. 15-4444, 2021 U.S. Dist.

LEXIS 105868 (N.D. Ga. Mar. 8, 2021). Those approved 2020 hourly rates were: for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour;[1] and, for paralegals and law clerks, $330 per hour. Those rates were based on an incremental increase over rates that were previously approved, including by the Southern District of Illinois in *Spano v. Boeing Co.*, No. 06-743, 2016 U.S. Dist. LEXIS 161078, at *10–11 (S.D. Ill. Mar. 31, 2016).

Since 2020, however, national attorney billing rates have greatly increased. Consequently, Mr. Sanford J. Rosen, a recognized expert on attorneys' fees, has opined that these reasonable rates should be updated for current conditions. Mr. Rosen's declaration states that current national hourly rates are: $1,370 for attorneys with at least 25 years of experience; $1,165 for attorneys with 15–24 years of experience; $840 for attorneys with 5–14 years of experience; $635 for attorneys with 0–4 years of experience; and $425 for paralegals and law clerks. *See generally* Declaration of Sanford J. Rosen, Doc. 109. The Court finds these rates are reasonable and are approved.

To compensate for the risk of non-payment and to reflect the scale of the results achieved by prevailing counsel, a multiplier of the lodestar rate may be used. *See In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 165 (D. Mass. 2015) (Young, J.). Using these rates and hours in Plaintiffs' supporting declaration, the lodestar is $2,974,045.50, creating a multiplier of 2.41. This is well within the range of multipliers approved by district courts in the First Circuit and in ERISA cases.

The time and labor expended demonstrate the reasonableness of the requested fee award.

---

[1] All time for staff attorneys is billed at 0–4 years regardless of individual experience.

### G. Awards in Similar Cases (Factor 7)

The requested percentage of fee here is identical to other awards in other excessive 401(k) fee cases brought by Class Counsel, including in this district. *See, e.g., Gordan v. Mass. Mut. Life. Ins. Co.*, No. 13-30184, 2016 U.S. Dist. LEXIS 195935, at *3, *11 (D. Mass. Nov. 3, 2016) (Ponsor, J.) (awarding a fee of one-third of the monetary recovery in 401(k) excessive fee case). This factor supports the requested fee award.

### 2. Reimbursement of Litigation Expenses

"Lawyers who recover a common fund for a class are entitled to reimbursement of litigation expenses that were reasonably and necessarily incurred in connection with the litigation." *Hill v. State St. Corp.*, No. 09-12146, 2014 U.S. Dist. LEXIS 179702, at *53 (D. Mass. Nov. 26, 2014) (Dein, J.) (citing *In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999)). The Court finds that Class Counsel's expenses of $62,158.69 are reasonable, and accordingly approves Class Counsel's request for reimbursement of litigation expenses.

### 3. Case Contribution Awards for the Class Representatives

The Court finds that the requested case contribution awards of $15,000 for each Class Representative are reasonable and appropriate.

## II. CONCLUSION

The Court awards Plaintiffs one-third of the net settlement amount, calculated as follows:

| | |
|---|---|
| **Gross Settlement Amount** | $ 22,000,000.00 |
| Settlement Administrator Expenses | $      125,776.00 |
| Gallagher Fiduciary Fee | $        15,000.00 |
| Huntington Bank Escrow Fee | $          5,000.00 |
| Litigation Expenses | $        62,158.69 |
| **Net Settlement Amount** | **$ 21,792,065.31** |
| **Class Counsel's Fee Award** | **$   7,264,021.77** |

It is **ORDERED** that:

5

1. Class Counsel's Notice of Motion for Attorneys' Fees and Expenses and Case Contribution Awards for Class Representatives (Doc. 105) is **GRANTED**.

2. The Court awards Class Counsel attorneys' fees of $7,264,021.77 and reimburses Class Counsel in the amount of $62,158.69 in expenses advanced in litigating this matter, to be paid from the settlement fund.

3. The Court awards case contribution awards of $15,000 each for Class Representatives Robert Ford and Phillip Schwartz, to be paid from the settlement fund.

**IT IS SO ORDERED** this  31st  day of  March , 2023

                                            /s/ William G. Young
                                            Honorable William G. Young

                                            United States District Judge